**NOT FOR PUBLICATION**

## In the
## United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-14228
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

OSCAR VARELA GARCIA,
a.k.a. Omar Garcia Varela,
a.k.a. Capachivo,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00804-CMA-12

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Oscar Garcia, proceeding *pro se*, appeals the denial of his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). He asserts the district court abused its discretion by denying him compassionate release. After review,[1] we affirm.

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the [18 U.S.C.] § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any one factor forecloses relief. *Id.* at 1237-38.

Factors under § 3553(a) that the district court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and the need for adequate deterrence. 18 U.S.C. § 3553(a)(1), (2). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *Tinker*, 14 F.4th at 1241. The district court need not address each of the § 3553(a) factors or all of the mitigating evidence. *Id.* An acknowledgment the court considered all applicable § 3553(a) factors, along with enough analysis to facilitate meaningful appellate

---

[1] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

review of the district court's decision, is sufficient. *Id.* at 1240-41. At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the § 3553(a) factors on which it relied. *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021).

The district court denied Garcia's 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release on December 5, 2024, for the reasons stated in its earlier February 13, 2024, order denying his 18 U.S.C. § 3582(c)(2) motion. The February 13 order stated:

> Defendant is not eligible for relief under the zero-point offenders amendment, Amendment 821, because his 280-month sentence falls below the newly calculated Guidelines range of 324-405 months. Furthermore, even if Defendant were eligible for relief, the Court would not reduce his sentence upon consideration of the 18 U.S.C. section 3553(a) factors, in particular the seriousness of his offense conduct and the need to afford adequate specific and general deterrence.

Garcia's PSI reflects that his offense conduct included overseeing the kidnapping, torturing, and killing of numerous people in service of the Colombia-based Montoya cocaine trafficking organization over a roughly 15-year period.

The district court did not abuse its discretion in denying Garcia's motion for compassionate release. Because only the § 3353(a) factor analysis is relevant in deciding both the 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release and the 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence, the district court was relying on its § 3553(a) analysis in denying Garcia's motion for compassionate release "[f]or the reasons explained in the February 13, 2024 Order." The record shows the district court considered the § 3553(a) factors and found the seriousness of Garcia's offense conduct and the need to promote deterrence weighed against granting compassionate release. This was within the district court's discretion and the reasoning is sufficient for this Court to conduct meaningful appellate review. *See Cook*, 998 F.3d at 1185. Accordingly, because a finding that the § 3553(a) factors weighed against release forecloses relief under § 3582(c)(1)(A), the district court did not abuse its discretion by denying Garcia's motion for compassionate release, despite the fact its order denying relief relied on the reasoning contained in an order denying relief under § 3582(c)(2). Accordingly, we affirm.

**AFFIRMED.**